1   **WO**

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                           FOR THE DISTRICT OF ARIZONA

8   Artemisa Padilla                    )   CV-12-1767-PHX-LOA
                                         )
9              Plaintiff,                )   **ORDER**
                                         )
10  vs.                                  )
                                         )
11  Banner Health dba Banner Health Del E.)
    Webb Medical Center,                 )
12                                       )
               Defendant.                )
13  _____  )

14          This case arises on *pro se* Plaintiff's Motion for Leave to File Amended Complaint,

15  filed on November 13, 2012. (Doc. 7)   Plaintiff's proposed 27-page First Amended

16  Complaint is attached to the Motion, noting the changes by underlines and strikeouts as

17  mandated by LRCiv 15.1.

18          Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend [her]

19  pleading *once as a matter of course* within: (A) 21 days after serving it, or (B) if the pleading

20  is one to which a responsive pleading is required, 21 days after service of a responsive

21  pleading . . . ." (emphasis added)  Plaintiff has not yet exhausted her right to amend once as

22  a matter of course without seeking leave of the Court. The docket reflects Defendant signed

23  a waiver of service of summons, doc. 6, on October 22, 2012, and has 60 days from October

24  2, 2012 to answer or file a motion under Rule 12, Fed.R.Civ.P.  If a defendant "has timely

25  waived service" under Rule 4(d), Fed.R.Civ.P., that defendant "must serve an answer . . .

26  within 60 days after the request for a waiver was sent . . . ." Rule 12(a)(1)(A)(ii),

27  Fed.R.Civ.P.   To date, Defendant Banner Health has neither answered nor otherwise

28  appeared; however, the time to do so has not expired. "For purposes of Rule 15(a)(1), a

responsive pleading includes an answer, . . . but not a motion." *Stejic v. Aurora Loan Servs., LLC*, 2009 WL 2970497 (D. Ariz. Sept. 11, 2009) (citing Fed.R.Civ.P. 7(a) (listing allowed pleadings as complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint, and reply to an answer)). According to Rule 15's Advisory Committee Notes to the 2009 Amendments, "[l]eave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading." "*After that point*, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Stejic*, 2009 WL 2970497, at *1 (quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992)) (emphasis in original; internal quotation marks omitted).

The Court concludes that, pursuant to Rule 15(a)(1)(B), the First Amended Complaint may be filed without the Court's leave. *See Hylton v. Anytime Towing*, 2012 WL 1019829, at *2 (S.D. Cal. March 26, 2012) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 1481 at 661-62 (3d ed. 2010)). A first amended complaint, however, supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, a district court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Based on the foregoing,

**IT IS ORDERED** Plaintiff's Motion for Leave to File Amended Complaint, doc. 7, is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Plaintiff must file her First Amended Complaint, without underlines, strikeouts, or attaching a copy of the original Complaint, on or before **Friday, November 30, 2012**, and mail a complete copy of the First Amended Complaint and

1  any attachments to Defendant Banner Health, c/o Stephanie Quincy, Steptoe & Johnson LLP,

2  201 E. Washington St., Suite 1600, Phoenix, AZ 85004-2382.

3        Dated this 19th day of November, 2012.

          Lawrence O. Anderson
          United States Magistrate Judge

- 3 -