**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Artemisa Padilla, ) | CV-12-1767-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Banner Health dba Banner Health Del E. ) Webb Medical Center, ) | |
| Defendant. ) | |

This case arises on *pro se* Plaintiff's Motion for Leave to File Amended Complaint, filed on November 13, 2012. (Doc. 7) Plaintiff's proposed 27-page First Amended Complaint is attached to the Motion, noting the changes by underlines and strikeouts as mandated by LRCiv 15.1.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend [her] pleading *once as a matter of course* within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." (emphasis added) Plaintiff has not yet exhausted her right to amend once as a matter of course without seeking leave of the Court. The docket reflects Defendant signed a waiver of service of summons, doc. 6, on October 22, 2012, and has 60 days from October 2, 2012 to answer or file a motion under Rule 12, Fed.R.Civ.P. If a defendant "has timely waived service" under Rule 4(d), Fed.R.Civ.P., that defendant "must serve an answer . . . within 60 days after the request for a waiver was sent . . . ." Rule 12(a)(1)(A)(ii), Fed.R.Civ.P. To date, Defendant Banner Health has neither answered nor otherwise appeared; however, the time to do so has not expired. "For purposes of Rule 15(a)(1), a

responsive pleading includes an answer, . . . but not a motion." *Stejic v. Aurora Loan Servs., LLC*, 2009 WL 2970497 (D. Ariz. Sept. 11, 2009) (citing Fed.R.Civ.P. 7(a) (listing allowed pleadings as complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint, and reply to an answer)). According to Rule 15's Advisory Committee Notes to the 2009 Amendments, "[l]eave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading." "*After that point*, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Stejic*, 2009 WL 2970497, at \*1 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)) (emphasis in original; internal quotation marks omitted).

The Court concludes that, pursuant to Rule 15(a)(1)(B), the First Amended Complaint may be filed without the Court's leave. *See Hylton v. Anytime Towing*, 2012 WL 1019829, at \*2 (S.D. Cal. March 26, 2012) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 1481 at 661-62 (3d ed. 2010)). A first amended complaint, however, supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, a district court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Based on the foregoing,

**IT IS ORDERED** Plaintiff's Motion for Leave to File Amended Complaint, doc. 7, is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that Plaintiff must file her First Amended Complaint, without underlines, strikeouts, or attaching a copy of the original Complaint, on or before **Friday, November 30, 2012**, and mail a complete copy of the First Amended Complaint and

any attachments to Defendant Banner Health, c/o Stephanie Quincy, Steptoe & Johnson LLP, 201 E. Washington St., Suite 1600, Phoenix, AZ 85004-2382.

Dated this 19th day of November, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge